## DAVIS *v.* WARD.

No. 10164. November 17, 1934.

*Porter & Mebane*, for plaintiff.
*Maddox, Matthews & Owens*, for defendant.

Beck, P. J. The holder and transferee of two notes and two deeds made to secure the payment of the notes was proceeding to exercise the power of sale contained in the deeds, in accordance with the terms thereof. The former owner of the land, alleged to

be the maker of the notes 'and the deeds, filed a petition seeking to have the sale enjoined on the ground that he did not sign or execute either of the deeds or notes, and thus made the issue of forgery. This issue under the evidence was submitted to the jury, who returned a verdict in favor of the defendant in the equitable suit. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

■ The evidence authorized the verdict.

■ Error is assigned upon the following charge by the court to the jury: "I charge you that under the pleadings and evidence in this case, that no duty devolved upon Mrs. Ward to make any inquiry of H. D. Davis, or any other person, as to the validity of the two deeds in question, and you would not be authorized to find in favor of the plaintiff on any such theory." This charge was not error for any reason assigned. If Mrs. Ward, the defendant, received the notes and deeds, or had the notes and deeds transferred to her for a valuable consideration and before notice of dishonor, there was no duty resting upon her to make inquiries of the maker of the deeds and notes or any other person as to the validity of these deeds.

■ Nor did the court err in giving the following charge: "If you find from the evidence in this case that H. D. Davis signed the two security deeds referred to in the plaintiff's petition and placed them in the possession of Sam J. Davis, I charge you that under the evidence in this case it is wholly immaterial what his purpose was in so doing, or what arrangement he may have had with Sam J. Davis with reference thereto, whether or not he received any of the money paid by Mrs. Ward for the notes and security deeds, and whether or not he ever paid any interest on said notes; for the reason that it is the law of this State, that where one of two innocent persons must suffer by the act of a third person, he who puts it in the power of the third person to inflict the injury must bear the loss." Sam J. Davis was the holder and transferor of the notes and deeds at the time Mrs. Ward purchased them, and she was not affected by any secret agreement between Sam J. Davis and H. D. Davis, the plaintiff, unless she had notice thereof, if the notes were taken without notice of dishonor. The charge was a correct statement of the law applicable to the issues in this case.

■ It is also insisted that charge just quoted was error, because

the court in another part of his instructions to the jury said: "I charge you that you may look to the evidence and determine whether or not the plaintiff in this case did receive any money or anything of value from Sam J. Davis, as a result of the plaintiff's name being signed to these deeds to secure debt and these notes, to aid you, if it does aid you, in determining whether or not the plaintiff signed the deeds to secure debt and these notes, and you may consider this evidence, and see whether or not it throws any light on the question as to whether or not the plaintiff in this case signed the deeds to secure debt and these notes." Even if this last excerpt from the charge is contradictive of the charge quoted above, it was not harmful to the plaintiff.

*Judgment affirmed. All the Justices concur.*